•FULMER, Chief Judge.
In this appeal, Judy Hoffman challenges the denial of her motion to dismiss an injunction for protection entered on behalf of Carmella Duke, the petitioner in the trial court. We affirm.
The record shows that the trial court entered a final judgment of injunction for protection against repeat violence in May 2001. The injunction was extended nr May 2002. In November 2003, Hoffman filed a “Motion for Relief of Order” and “Notice of Abuse, and (Extrinsic) Exploitation by the Petitioner” in which she alleged that she is a disabled adult who has been the victim of fraud, misrepresentation, and misconduct on the part of Petitioner in the initial injunction proceeding. That motion was denied as legally insufficient. In May 2004, Hoffman filed a motion to dismiss the injunction in which she again alleged that she was being abused and exploitéd by the Petitioner. Hoffman also requested a hearing on her motion to dismiss, which was accompanied by an “Affidavit of Fear” directed at the trial judge.
On June 29, 2004, the trial court entered an order denying Hoffman’s motion to dismiss as legally insufficient. The court stated in its order: “Respondent complains of prior judicial acts which do not qualify for a request for recusal if that is what she seeks.” Hoffman then filed a “Motion for Reconsideration of a Hearing” on July 2, 2004, in which she argued that the trial judge “has no authority over this matter,” presumably because he did not recuse himself when Hoffman filed her “Affidavit of Fear” in June 2004. She also claims in her motion for reconsideration that she was denied due process when the trial court failed to hold a hearing on her motion to dismiss. The trial court entered an order on July 27, 2004, denying the motion and noting: “petitioner argues with previous rulings and states opinions. The statute requires action only on stated facts.”
Hoffman argues on appeal that the 2001 injunction was issued without evidentiary support. She seeks reversal and remand to allow her an opportunity to challenge the trial court’s issuance of the injunction. However, she fads to present argument directed to the order that is the subject of this appeal. We conclude that the trial court did not err in denying the motion for reconsideration of the motion to dismiss because it is apparent that Hoffman’s sole basis for dismissal was her assertion that prior court rulings, which are not before this court for review, were incorrect.
Affirmed.
VILLANTI and LaROSE, JJ., Concur.